

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 20, 1971

Hon. Preston Smith
Governor of Texas
State Capitol Building
Austin, Texas 78711

Dear Governor Smith:

Opinion No. M- 910

Re: Authority of the Governor
of Texas to enter into
certain open-end contracts
of a stated term for com-
puter services on behalf
of various State agencies.

Your recent letter requesting the opinion of this office concerning the referenced matter states, in part, as follows:

"This requests your opinion as to the legality of my entering into open-end services contracts of a stated term, on the part of the State of Texas, as the need for this type of contract may arise

. . .

"Two specific cases are now pending, and the proposed contracts are enclosed for your examination. These cases involve the purchase of computer operational program packages ('software' packages) by various State agencies. . . .

"An individual agency now has the authority to negotiate its own contract for such services; however, as illustrated in the third enclosure to this letter, the pricing advantages of negotiating a single State contract for quantity ordering by all interested agencies are immediately apparent
. . ."

Section 10 of Article IV of the Constitution of Texas provides as follows:

"He (the Governor) shall cause the laws to be faithfully executed and shall conduct, in person, or in such manner as shall be prescribed by law, all intercourse and business of the State with other States and with the United States."

-4426-

The interpretive commentary in Vernon's Civil Statutes, in commenting on the foregoing constitutional provision, states, in part, that:

"The obligation placed by this section upon the governor to cause the laws to be faithfully executed is, obviously, executive in nature. But this obligation, and the fact that the governor is made the chief executive officer of the state, do not confer upon him any specific power. In construing state constitutions, the state courts have not derived, as has the Supreme Court of the United States with respect to the Federal Executive, any very large powers from such a general power or duty as to the duty to see that the laws be faithfully executed. The rule of delegated powers has been construed strictly as to the governor, so that he has no particular power unless granted to him, expressly or impliedly." (Emphasis added.)

A recent Texas case has held that the governor has no prerogative powers, and that he possesses only such powers and duties as are vested in him by constitutional or statutory grant. In Calvert v. Adams, 388 S.W.2d 742 (Tex.Civ.App.), rev'd on other grounds, 396 S.W.2d 948 (Tex.Sup. 1965), the court said:

"In 81 C.J.S. States Sec. 60, p. 982, it is stated that 'The Governor has no prerogative powers, but possesses only such powers and duties as are vested in him by constitutional or statutory grant.'

"In Constantin v. Smith, 57 F.2d 227, D.C., E.D. Tex., appeal dismissed Sterling v. Constantin, 287 U.S. 378, 53 S.Ct. 190, 77 L.Ed. 375, the Court quoted with approval the following statement from Herligy v. Donohue, 52 Mont. 601, 161 P. 164, L.R.A. 1917B, 702 Ann.Cas. 1917C, 29: '(t)he Governor is at all times amenable to the Constitution and laws of the state. They are the charters of his powers, and in them he must find the authority for his official acts.'" 388 S.W.2d at p. 747.

Neither our Constitution nor statutes provide, either expressly or by necessary implication, for you to enter into contracts, such as those submitted with your letter, on behalf of various State agencies.

Your question, accordingly, is answered in the negative.

## S U M M A R Y

There exists no authorization, either in the Constitution or the statutes of the State of Texas, for the Governor to enter into, on behalf of various State agencies, certain open-end contracts of a stated term for the furnishing of services of computer operational program packages.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Rex White
Jim Swearingen
Bob Lattimore
Sally Phillips

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant